IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD A. NICOLAS, #268033 <br> Petitioner | * <br> * <br> * | |
| v. | * <br> * | Civil Action No. RDB-06-2637 |
| J PHILLIP MORGAN, WARDEN, et al. <br> Respondents | * <br> * | |

oOo

## MEMORANDUM OPINION

The State has filed a Motion for Reconsideration of the Order granting discovery in this § 2254 proceeding. (ECF No. 94.) Respondents' Motion for Reconsideration argues: 1) no good cause has been shown for discovery; 2) discovery is inconsistent with the holding in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011); and 3) discovery is premature and overbroad. Petitioner Richard Nicolas, by his counsel has replied. (ECF No. 97.) After review of the pleadings and for the reasons set forth below, this Motion for Reconsideration (ECF No. 94) IS DENIED. The Respondents are directed to provide the files subject to the Discovery Order (ECF No. 93) to this Court within thirty days for *in camera* inspection.

### I. MOTION FOR DISCOVERY

On December 6, 2011, Petitioner's Motion for Discovery was granted pursuant to Rule 6 of the Rules Governing §2254 Proceedings, 28 U.S.C. foll. §2254 and *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (discovery warranted "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ...entitled to relief"). Petitioner showed good cause for discovery on the following grounds: 1) the State withheld the names of two possible exculpatory witnesses, Richard Benson and Jennifer McKinsey; 2) a transcript of a police interview with Richard Benson was not disclosed to trial

counsel; 3) although the police subpoenaed records for the Holiday Inn where the witnesses were guests, the information provided to the defense did not contain the warrant return. Further, Rachel Kamins, Nicholas' previous federal habeas counsel, attests that after speaking with the lead detective in the case, she suspects the police or State might have additional information about the victim's whereabouts on the night of the murder that contradicted the prosecution's theory at trial.

## II. DISCUSSION

In *Cullen,* the Supreme Court held that in deciding whether a state court decision on a federal constitutional claim is an unreasonable application of clearly established Supreme Court law, a federal habeas court may not consider evidence other than that which was before the state courts when they decided the claim. The Supreme Court clarified that federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. When a habeas petitioner's claim has been adjudicated on the merits in state court, a federal court is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing. *See id.* at 1399 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."); *see also Jackson v. Kelly,* 650 F.3d 477, 485 (4th Cir 2011) (avoiding consideration of evidence taken in a federal evidentiary hearing in light of *Cullen's* admonition that review is limited to the record before the state court), cert. denied, _U.S_, 132 S. Ct. 64 (August 18, 2011).

Respondents argue that because Petitioner's discovery request is connected to his *Brady* claim which was rejected by the Circuit Court for Baltimore City during proceedings to re-open his post-conviction case, discovery is not available under *Cullen.* ECF No. 95, Reconsideration Memorandum pp. 1-3. They reason that if this Court is prohibited from considering material

developed through discovery, then there is no cause for conducting that discovery. Petitioner counters that *Cullen* and the other cases cited by the state "simply limit federal review of a state's denial of a habeas petition to the record that existed before the state court" and discovery is a separate question. ECF No. 97, p. 3, Petitioner's Opposition to Reconsideration.

Notably, *Cullen* does not address discovery in the context of the habeas petition nor does it reference *Bracy v. Gramley*, 520 U.S. 899 (1997) or Rule 6. Two federal district courts have interpreted the holding in *Cullen* similarly. *See Quezeda v. Brown* 2011 WL 4975343 (E.D. N. Y. 2011); *Conway v. Houk*, 2011 WL 2119373 (S. D. Ohio, 2011) (observing *Cullen* did not change or address the standards for discovery set forth in Rule 6 and *Bracy v. Gramley*, 520 U.S. at 899).

Respondents' argument for reconsideration is premature and should be dealt with when all the evidence is before the Court. Even if the Court later determines that it cannot consider certain evidence in adjudicating the Petition, discovery is not moot at this stage of the proceeding. Recently, in *Gonzalez v. Wong*, _ F. 3d 2011_, 2011 WL 6061514 * 6 (9th Cir. December 7, 2011), a case where *Brady* material was first disclosed during § 2254 proceedings, the United States Court of Appeals for the Ninth Circuit remanded the case to federal district court to stay habeas proceedings so that the petitioner could present his claim to the state court in light of *Cullen*. 2011 WL 6061514 * 6; *see also Conway v. Houk*, 2011 WL 2119373 *3 (observing a petitioner might never seek to add to the record information learned through discovery or that a court may determine independent of new evidence that the state court decision unreasonably applied clearly established federal law or involved an unreasonable determination of the facts). This Court has previously dealt with an identical issue in *Batty v. Peguese*, Civil Action No. JFM-03-335 (D. Md. 2003). In that case, *in camera* review revealed *Brady* materials had not been disclosed to defense counsel. Ultimately, the

state court re-opened the case and vacated the conviction. Batty entered an *Alford*[1] plea to a lesser offense and was sentenced to time-served.

### III.  CONCLUSION

In light of the above, *in camera* review of the complete files subject to discovery in the December 6, 2011 Order is appropriate. Respondents will be directed to provide the files that are subject to the Order for inspection by the Court within thirty days. After completion of *in camera* review, the parties may move to amend the scope of the discovery order. A separate Order follows.

January 25, 2012
Date

Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).