## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RICHARD A. NICOLAS, #268033          *
Petitioner                           *
                                     *
v.                                   *          Civil Action No. RDB-06-2637
                                     *
JAMES SMITH,  Warden, et al.         *
Respondents                          *
                                    oOo

## MEMORANDUM OPINION

Petitioner Richard A. Nicolas, by his court-appointed counsel, is petitioning pursuant to

28 U.S.C. § 2254 for habeas corpus relief and challenges his 1997 conviction after a jury trial in

the Circuit Court for Baltimore City for the first-degree murder of his two-year old daughter and

a related handgun offense. In his petition, he advances the following claims: 1) he was convicted

in violation of due process because favorable and material evidence, specifically the witness

statements of  Richard Benson and Jennifer McKinsey, were withheld in violation of *Brady v*

*Maryland*;[1] 2) his trial counsel provided ineffective assistance by failing to become sufficiently

educated about lividity evidence [2] and rebut the state's expert at trial;  3) his trial counsel were

ineffective for requesting or failing to object at trial to the court's dual inference instruction;

4) gunshot residue ("GSR") evidence admitted at trial is now recognized as unreliable; and 5) the

trial court violated his constitutional rights  by admitting,  a) evidence related to his  firearms and

target shooting hobby,  b) testimony of a movie theater employee, and c) lay opinion testimony

regarding his demeanor following his daughter's murder.

---

[1]  *Brady v. Maryland* 373 U.S. 83 (1963).

[2]  Lividity or *livor mortis* results after blood in the body stops flowing and starts to settle to the lowest parts of the
body, causing discoloration. *See e.g.* ECF No. 87, Exhibit G.

On August 22, 2012, this Court held a non-evidentiary hearing to consider whether the claims presented have been exhausted before the state courts as is required by the federal habeas corpus statute at 28 U.S.C. § 2254 (d). At the hearing, Nicolas withdrew his claims of trial court error for admitting evidence related to his firearms and target shooting hobby, testimony of a movie theater employee, and lay opinion testimony regarding his demeanor following his daughter's murder. Additionally, Respondents Warden Frank Bishop[3] and the Attorney General of the State of Maryland acknowledged that the dual-inference instruction claim has been fully exhausted before the state courts. However, they contend that the remaining claims have not been so exhausted.

Nicolas asserts his remaining *Brady*, lividity, and GSR claims are ripe for disposition and asks this Court to vacate his conviction and remand his case for a new trial. He has already served some fifteen years of his sentence and has diligently attempted to obtain relief through the state courts. His federal habeas petition has already been stayed once to permit exhaustion. Last year, his Motion to Reopen his post-conviction case and the *Brady* claim he presented therein were rejected by the Circuit Court for Baltimore City.

Respondents, who have yet to address these claims on the merits, argue that as a result of factual evidence developed in this Court after *in camera* discovery, Nicolas' remaining claims are new or have been altered; thus, they cannot be deemed to have been fairly presented to the state courts. They aver the Petition is "mixed," containing exhausted and unexhausted claims, and should be stayed and held in abeyance under the reasoning set forth in *Rhines v Weber*, 544 U.S. 269, 278 (2005). ("If a petitioner presents a district court with a mixed petition and the court

---

[3] Frank Bishop is currently warden at Western Correctional Institution where Nicolas is an inmate. This Court will direct the Clerk to amend the docket accordingly.

determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

Federal habeas relief may not be granted for a claim adjudicated on its merits in state court unless the state court's decision "was contrary to" clearly established federal law, "involved an unreasonable application of" that law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster* 131 S. Ct. 1388, 1399 (2011); *see also Jackson v. Kelley*, 650 F.3d 477, 492 (4th Cir.), cert. denied 132 S. Ct. 64 (2011) (declining to consider evidence developed in federal court, citing *Pinholster*, and stating: "It is now clear, however, that the [district] court's reliance on material developed at the federal evidentiary hearing was at odds with AEDPA's placement of 'primary responsibility [for habeas review] with the state courts' and the difficulties inherent in 'allow[ing] a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*.' "). Mindful of this limited and deferential scope of federal review, this Court now considers the remaining claims.

### A.   BRADY CLAIM

Central to this case are the witness statements of Richard Benson and Jennifer McKinsey. In his first motion to reopen post-conviction proceedings, Petitioner claimed, "The State violated *Brady v Maryland* by failing to disclose to trial counsel, that the police had interviewed two witnesses who heard a gunshot or a car backfiring around the time and location Mr. Nicholas

3

testified the shooting took place, " ECF No. 87, Exhibits K and N. The post-conviction court

rejected this claim and it is exhausted as it was presented. The instant Petition, however, raises a

broader claim which states: "The two witness statements would have allowed Petitioner to

impeach the state's theory of the case, providing a reasonable probability that the outcome of trial

would have been different." ECF No. 116 at 5. This claim has not been presented in state court

and will be deemed unexhausted for the purpose of federal habeas review.

**B.      GUNSHOT RESIDUE CLAIM**

Nicolas' claim with respect to the unreliability of gunshot residue evidence presented in

his case was exhausted in state court after it was raised in Nicolas' motion to reopen post-

conviction proceedings. ECF No. 87 Exhibits K-O. Nicolas did not raise this claim in his initial

federal habeas corpus petition in 2006 or in his supplemental petition filed in November of 2011.

ECF Nos. 1 & 87. In those pleadings, he claimed that the prosecution had failed to disclose

evidence of GSR contamination. *See id.* This Court intends to grant Nicolas leave to amend his

federal Petition to add the claim that gunshot residue was unreliable. Respondents have yet to

respond to this claim on its merits, and will suffer no prejudice if leave to amend the claim is

granted. Upon amendment, this Court shall deem this claim fully exhausted.

**C.      LIVIDITY**

In his Motion to Reopen his post-conviction case, Nicolas claimed his trial counsel and

post-conviction counsel were "ineffective in addressing medical forensic evidence, a critical

component of the case." ECF No. 87, Exhibits K and N. He claimed trial counsel were

ineffective for failing to object to Dr. Chute's testimony about lividity, the postmortem process

that results in skin discoloration due to the settling of blood. Nicolas contends that the State

4

never provided the defense with Dr. Chute's time of death estimate and defense counsel failed to retain their own forensic pathologist. In the instant Petition, Nicolas posits his trial counsel were ineffective for failing to challenge or rebut Dr. Chute's testimony, a claim Respondents argue was substantially altered by the discovery of additional information contained in letters written by the prosecutor and Dr. Chute after trial and obtained after *in camera* discovery.

Nicolas argues these letters cast new light on the weakness of the State's evidence at trial and the importance of Dr. Chute's testimony to the prosecution's case, and are simply new "bits of evidence" that do not alter the claim so as to render it unexhausted. *See Wise v. Warden, Maryland Penitentiary*, 839 F.2d 1030, 1033 (4th Cir. 1988). Where, as here, a federal habeas petitioner is presenting evidence that was not presented to the state court which places his case in a "significantly different and stronger posture than it was when the state courts considered it," the doctrine of exhaustion is not satisfied. *Id.* (citations omitted). Accordingly, this claim is deemed unexhausted.

Having determined the Petition contains exhausted and unexhausted claims, this Court finds it appropriate to stay and hold this case in abeyance so that Nicolas may exhaust his *Brady* and lividity claims in state court under the reasoning outlined in *Rhines*. This Court will notify the Honorable Marcella A. Holland, Administrative Judge of the Circuit Court for Baltimore City, of the circumstance of this case and request that this matter be accorded priority attention. Further, counsel for Respondents shall file a report on the status of Nicolas' state court proceedings every forty-five days. A separate Order follows.

_SEPTEMBER 24, 2012_
Date

_RICHARD D. BENNETT_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE