IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| RICHARD A. NICOLAS, | * |
| Petitioner, | * |
| v. | * Civil Action No. RDB-06-2637 |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, *et al.*, | * |
| Respondents. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

On March 30, 2015, this Court granted Petitioner Richard A. Nicolas's Petition for Writ of Habeas Corpus (ECF No. 1) along with his Amendment to, and Second Supplemental Memorandum of Law in Support of, Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with respect to his claim that the government impermissibly suppressed evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Accordingly, this Court vacated Petitioner's conviction and sentence and remanded the case to the Circuit Court for Baltimore City for a new trial. However, this Court's Order also stated that the "[j]udgment [was] STAYED FOR THIRTY (30) DAYS pending an appeal or, absent an appeal, a decision by the Circuit Court for Baltimore City concerning the Petitioner's continued confinement." *See* ECF No. 154. The State filed its notice of appeal on April 22, 2015 and simultaneously filed the currently pending Motion to Stay (ECF No. 158). Petitioner responded to the motion, and filed a Cross-Motion for Release (ECF No. 163). Both motions are now fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons explained below, the State's Motion to Stay (ECF No. 158) is

GRANTED, and Petitioner's Cross-Motion for Release (ECF No. 163) is DENIED, and this Court's Judgment of March 30, 2015, granting Nicolas' petition for habeas relief and vacating Nicolas' state court conviction and sentence, is hereby STAYED during the pendency of the State's appeal to the Court of Appeals for the Fourth Circuit.

## DISCUSSION

Under settled law, there is a presumption of release from custody in cases where a petitioner has obtained habeas relief from a federal habeas court and the district court's order has been appealed. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *see also* Fed. R. App. P. 23(c). That presumption, however, may be overcome, and the Supreme Court of the United States has indicated that "federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Id.* at 775. The factors to be considered in determining whether a stay of a district court order granting habeas relief pending appeal is appropriate are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. Other relevant factors include "the possibility of flight," the risk to the public posed by the defendant's release, and "the State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal," particularly where the length of the remaining sentence is substantial. *Id.* at 777. The Supreme Court has indicated that the test involves a balancing of the various factors; "[w]here the State establishes that it

has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional analysis militate against release." *Id.* at 778.

Before specifically examining the relevant factors, this Court first notes that Petitioner has repeatedly cited to the case of *Wolfe v. Clarke*, 819 F. Supp. 2d 574 (E.D. Va. 2011), to support his assertion that he is entitled to be released. In *Wolfe*, the petitioner had been convicted of capital murder (murder-for-hire), use of a firearm in the commission of a felony, and conspiracy to distribute marijuana by a Virginia state court. *Id.* at 576. After a lengthy appeals and post-conviction process, the United States District Court for the Eastern District of Virginia granted the petitioner's habeas petition due to several constitutional infirmities including a *Brady* violation. *Id.* at 577. After examining the legal standards as set forth in *Hilton v. Braunskill*, the district court noted that courts "usually will grant a stay of judgment" after a federal court grants a state prisoner habeas relief and the state seeks a stay of the judgment. *See id.* at 578. In examining the various factors, the court found that the state had not demonstrated that it was likely to succeed on the merits, but that it had shown irreparable harm due to its loss of its appeal right if the state court re-tried the petitioner or released him. *Id.* at 582-83. The court also noted that there would be some harm to the petitioner caused by his continued detention and that the public interest lay on both sides because the State had an interest in exercising its appeal rights while the petitioner had an interest in the presumption of his release. *Id.* at 583-84. The court did not find the petitioner to be a flight risk nor a danger to the public if he was released; the court noted, however, that the State had an interest in the petitioner's continued confinement because he

3

had only served nine years, which was a fraction of the sentence for the drug conspiracy charge alone. *Id.* at 585. Despite the several factors that weighed in the petitioner's favor, the court ultimately granted the motion to stay. *Id.* at 586.

This Court finds that the analysis in *Wolfe* is comparable to this case. This Court does not find that the State has made a strong showing of likely success on the merits, as the State has only rehashed the arguments it made previously to this Court with respect to the merits of Petitioner's *Brady* claim. However, the State has satisifed its burden of demonstrating irreparable harm. The original stay issued by this Court has already expired, and the State has noted an appeal to the United States Court of Appeals for the Fourth Circuit. Briefing in the Fourth Circuit will not conclude for several weeks, and there is no indication of an imminent decision from that court. Like in *Wolfe*, the State is entitled to obtain clarity form the Fourth Circuit regarding a retrial, and the Fourth Circuit's decision could affect the evidentiary scope of such a proceeding. *See* 819 F. Supp. 2d at 583. While Petitioner would indeed suffer harm due to the granting of a stay due to his continued confinement, such confinement also maintains the current status quo. Additionally, the public interest lies on both sides, as the State has an interest in exercising its appeal rights while Petitioner has an interest in his release. Moreover, even taking Petitioner at his counsel's word that he poses neither a flight risk nor a danger to the public, Petitioner has only served fifteen years of what was intended to be a life sentence. Accordingly, this Court is presented with a scenario that is nearly identical to that in *Wolfe*, and this Court finds the court's analysis in that case to be persuasive. Moreover, because this Court has stayed its judgment pending the State's appeal, there is no basis to order Petitioner's release at this

time. *See Wolfe*, 819 F. Supp. 2d at 586 ("Having stayed this Court's judgment granting Wolfe habeas relief, the Court DENIES Wolfe's motion for release pending appeal, as his criminal convictions and sentences remain intact during the pendency of the Director's appeal to the Fourth Circuit.").

## **CONCLUSION**

For the foregoing reasons, the State's Motion to Stay (ECF No. 158) is GRANTED, Petitioner's Cross-Motion for Release (ECF No. 163) is DENIED, and this Court's Judgment of March 30, 2015, granting Nicolas' petition for habeas relief and vacating Nicolas' state court conviction and sentence, is hereby STAYED during the pendency of the State's appeal to the Court of Appeals for the Fourth Circuit..

A separate Order follows.

Dated:      July 15, 2015

                                              /s/
                                      Richard D. Bennett
                                      United States District Judge